Martin, J.
delivered the opinion of the court. The petition states, that James Fletcher died, indebted to the plaintiff in a sum of seven hundred dollars, that Catherine Hepp, his heir and executrix, left the state for Vera Cruz, carrying with her the principal part of the deceased’s estate, leaving in the hands of the executors of Daniel Clarke, a sum more than sufficient to satisfy the plaintiffs’ claim. An attachment was accordingly levied, and the executors of Clarke summoned as garnishees, when they denied, oa oath, having any property of Fletcher; admitting, however, that a sum of about $2000, the balance of an account, arising from the proceeds of the sale of a tract of land sold by C. Hepp, to D. Clarke, was in the possession of the garnishees, at the time of the service of the attachment in this case, but had been previously attached by the defendant Navarre, in a suit instituted against said C. Hepp, as executrix of Fletcher, to recover the amount of a legacy bequeathed to said Navarre, by Fletcher, in which judgment was obtained for $2000, which they were compelled to pay to the sheriff.
The court appointed an attorney to the absent debtor, who pleaded the general issue, but after- *705 *vards consented to judgment beine: entered for the plaintiff for 8710, with interest and costs.
The plaintiff next filed a supplemental petition, stating that James Fletcher owed him S710, and having made his will in which he appointed C. Hepp, Adelaide Hepp and - Hepp his heir, and C. Hepp his executrix died, that these persons left the state, leaving only the sum of 82000 of the estate, in the hands of the executors of Daniel Clarke—which was attached by J. Navarre, in a suit against the executrix, for a legacy leit her by Fletcher, wherein she has recovered judgment, and execution has issued, and the money has been paid by the executors of D. Clarke to the sheriff, whereupon the plaintiff prayed the judgment of the court, that he might have his claim satisfied by preference, out of the money in the hands of the sheriff.
J. Navarre pleaded the general issue, and there was judgment for her, whereupon the plaintiff appealed.
There is not any statement of facts, but the judge has certified that the record contains all the matters and facts upon which the cause was triad.
It is true, the debts of a testator must be paid by preference to his legacies But, where creditors do not sue, legatees may prosecute for, and obtain the payment of, their legacies. In this *706 case. the defendant Navarre fairly obtained iudement tor her legacy. It is not stated, that the estate is insolvent; on the contrary, the plaintiff avers, that the whole, except the sum received by the legatee, has been carried to Vera Cruz, whither the heirs have removed.
Ellery for the plaintiff, Cavillier for the defendants.
It is clear, that the heirs are not in court, none of their property was attached and they were not served with process. A creditor has not a right to attach, in the hands of a legatee who has judgment for his legacy, without first resorting to the heirs, or the executor, at all events without establishing the insolvency of the estate. The parish judge, in our opinion, acted correctly in refusing to compel the legatee to suffer a deduction, in order to pay a cebt which was not established, contradictorily, with the heirs or the executors, neither of whom appear to have been made properly parties.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.