*The omission to charge an item in an account that is shewn to be justly due, does not prevent a subsequent demand for it.*

### PAVIE vs. NOYREL.

APPEAL from the court of the sixth district.

PORTER, J delivered the opinion of the court. The plaintiff and defendant entered into partnership, and agreed to put in an equal capital : after the dissolution of the firm, the former set up a claim for interest on moneys advanced by him above the amount of stock he was obliged to furnish, and also for his expenses while attending to the affairs of the firm in New-Orleans.

To a petition setting forth these facts, and claiming the sum of five thousand dollars, the defendant pleaded ;

1st. That the residence of the plaintiff in New-Orleans was not beneficial to the firm.

2d. That different accounts had been settled with the plaintiff, in which no such claims were set up as these advanced in the petition; that a final settlement had taken place between them, and that the plaintiff has received his portion of the partnership property.

3d. That the plaintiff had injured the partnership by his neglect, and bad management of the common affairs, to the amount of $5000.

4th. That the plaintiff has been credited twice for the sum of $428 92 cents.

5th. That he had occupied himself during the partnership with business other than that of the firm, by which he had gained $3000, one half of which he should account for.

The answer concludes with a prayer in reconvention, and prays that there may be judgment against the plaintiff.

The answer was submitted to a jury who found a verdict against the defendant for $1566, 50 cents; from the judgment rendered in conformity therewith he has appealed.

The counsel have argued the question whether interest could be properly charged on advances made by one partner, for the benefit of the firm: but the finding of the jury renders it unnecessary for us to go into that question, as the amount claimed for the expenses during the time the plaintiff was transacting the common affairs in New-Orleans, justifies the verdict.

It has also been contended, that as several accounts current passed between the parties, in which no mention is made of this item, that the appellee was estopped from claiming it in this suit. But if the demand be legal and

West'n Dis'ct
October, 1826

PAVIE
vs.
NOYREL.

just, it is our opinion that the silence of the plaintiff respecting it, or his omission to put it into the account, cannot prevent him from recovering this. It was an error which should not prejudice his rights. In the case of *Girod* vs. *the Mayor*, &c. cited by defendant's counsel, there were many circumstances which this does not exhibit; repeated receipts given by the plaintiff, forced upon the court the conclusion that his subsequent claim for salary was inconsistent with the agreement which tho' not expressed, was well understood between the parties. 4 *Martin*, 706.

The defendant however insists, that even admitting the verdict of the jury to be correct, in relation to the expence incurred by the plaintiff, while transacting the partnership affairs, there is an evident error in not allowing the defendant credit, for a sum which in the account current was twice charged by the plaintiff. It is impossible for the court to say where so many facts were put at issue, and so many different considerations submitted to the jury, whether they allowed this sum or not. Under these circumstances we feel unwilling to disturb the verdict. The point is precisely that made in the case of *Richardson* vs. *De-*

*buys and Longer*, and must receive a similar decision. *Vol.* 4, *n. s.* 132.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Bullard* for the plaintiff, *Rost* for the defendant.